UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND, et al.,<br><br>     Defendants. | Case No.  14-cv-03079-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 4 |

Defendants City of Richmond and Richmond police officer Chuck Whitney ("Officer Whitney") move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint for violations of 42 U.S.C. § 1983 ("§ 1983"), California Civil Code § 51.7 ("§ 51.7"), California Civil Code § 52.1 ("§ 52.1"), and related claims.  ECF No. 4.  For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

**I.    BACKGROUND[1]**

This action arises out of the shooting of Plaintiff Jose Hernandez on February 21, 2005 during his employ as a confidential informant for the City of Richmond Police Department ("the Department").  Compl., ECF No. 1, Ex. A at ¶ 17.  At the time, Plaintiff was providing confidential information to the Department regarding the possession and sale of illegal drugs and firearms by criminal entities, including Jose Vega Robles and his organization.  Id. ¶ 10.

Plaintiff alleges that, prior to the shooting, Officer Whitney and another officer disclosed Plaintiff's status as a confidential informant to former Richmond police officer Defendant Michael Wang ("Officer Wang").  Id. ¶ 14.  Plaintiff further alleges that Officer Wang subsequently

---

[1] The Court accepts as true the following facts alleged in the complaint for purposes of resolving this motion to dismiss.  See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

informed Robles of Plaintiff's status as a confidential informant. Id. ¶ 15. Plaintiff also claims that Defendants Former Police Chief Terry Hudson and the City of Richmond ("the City") adopted and followed a policy that led to, or failed to prevent, the conduct that resulted in Plaintiff's injuries. Id. ¶ 11. Moreover, these authorities failed to train and supervise Richmond police officers so as to avoid harm to confidential informants. Id. ¶ 12.

Plaintiff has alleged ten causes of action for: (1) assault and battery by Officers Wang, Whitney, Chesney, and other unnamed Richmond police officers (collectively, "the Officers"), id. ¶¶ 26-29; (2) intentional infliction of emotional distress ("IIED") by the Officers, id. ¶¶ 30-33; (3) negligent infliction of emotional distress ("NIED") by the Officers, id. ¶¶ 34-36; (4) deprivation of his civil rights under § 1983 by the Officers, id. ¶¶ 37-39; (5) deprivation of his civil rights under § 1983 by the City and former Police Chief Hudson under an act or omission theory, id. ¶¶ 40-45; (6) deprivation of his civil rights under § 1983 by the City under a policy or customs theory, id. ¶¶ 46-52; (7) violation of § 51.7 by the Officers, id. ¶¶ 53-56; (8) violation of § 52.1 by the Officers, id. ¶¶ 57-61; (9) negligence on the part of the Officers, id. ¶¶ 62-64; and (10) negligence on the part of the City and former Police Chief Hudson, id. ¶¶ 65-67. Officer Whitney and the City move to dismiss each of the above causes of action on the theory that they are time-barred. ECF No. 4 at 2. Defendants also seek to dismiss certain causes of action insofar as they relate to Officer Whitney and other causes of action insofar as they relate to the City. Id.

**II.     JURISDICTION**

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's § 1983 claims arise under federal law.

**III.    LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in a complaint. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). When faced with a motion to dismiss, the Court must generally accept as true both the material facts alleged in the complaint and all reasonable inferences to be drawn from those facts. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). But "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are not recognized as sufficient

2

factual bases to support a complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). If a plaintiff fails to plead facts sufficient to constitute a cognizable legal claim, the Court must dismiss the claim; the Court must, however, grant leave to amend unless it is clear that amendment cannot cure the complaint's deficiencies. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

## IV.     DISCUSSION

### A.     Statute of Limitations

Defendants ask the Court to dismiss each of Plaintiff's claims as time-barred, based on the theory that a two-year statute of limitations began running when Plaintiff was shot in 2005. ECF No. 4 at 3. Plaintiff counters that the statute of limitations did not begin to run until March 7, 2013, "when plaintiff first learned that the reason plaintiff was the target of an attempted murder . . . [was] because a member of the Richmond Police Department, Michael Wang, told known drug dealers that plaintiff had been a confidential informant . . . ." ECF No. 17 at 1.

Different statute-of-limitation rules govern Plaintiff's state and federal claims, respectively.

#### i.     State Claims and the Tort Claims Act

California's Tort Claims Act governs state-law claims against the state of California and its municipal entities. Cal. Gov't. Code § 900. Plaintiff correctly asserts that public entities waive their right to bring a statute of limitations defense if they do not assert the defense when rejecting the Plaintiff's initial administrative claim. Cal. Gov't Code § 911.3(b); Trujillo v. City of Ontario, 428 F. Supp. 2d 1094, 1118 (C.D. Cal. 2006) ("If [Plaintiffs'] tort claim was filed untimely, Defendant City was required to notify them that their claim was untimely. . . . Failure to provide this notice to [Plaintiffs] waived Defendants' statute of limitations defense."). In their reply, Defendants concede that the state-law claims are not time-barred as to either Defendant because the City failed to raise a timeliness defense at the appropriate time: "As to the state law claims, it appears that those claims are not time-barred based on the City's failure to raise the timeliness defense in its response to [Plaintiff's] tort claim." ECF No. 18 at 3. Consequently, Defendants'

statute of limitations defense fails as to Plaintiff's state-law claims.

### ii. Federal Claims

State law supplies the statute of limitations for the federal claims asserted here. Wallace v. Kato, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but . . . here federal law looks to the law of the State . . . . [T]he length of the statute of limitations . . . is that which the State provides for personal-injury torts.") (citations omitted). The statute of limitations is two years for these causes of action. Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954–55 (9th Cir. 2004). Thus, if the federal causes of action accrued in 2005, as Defendants assert, Plaintiff's federal claims are time-barred. But if, as Plaintiff asserts, his federal causes of action accrued in 2013 when Plaintiff discovered that Officer Wang disclosed his identity to his assailants, then Plaintiff's federal claims are not time-barred. The key question is when Plaintiff's federal claims accrued.

Federal law supplies the rules for accrual of federal causes of action. Wallace, 549 U.S. at 388 ("the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."). Under federal law, "a claim accrues . . . when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 581 (9th Cir. 2012) (quotations and citations omitted).

Plaintiff has pled sufficient facts to establish the timeliness of his claim. Plaintiff maintains that his claim accrued when he read an article in the Contra Costa Times about Officer Wang on March 7, 2013. ECF No. 17 at 2. Prior to that point, Plaintiff asserts that he had no reason to suspect Defendants' involvement in the shooting or the accompanying, alleged deprivation of his civil rights. Id. Under this standard, taking Plaintiff's factual claims as truthful, Plaintiff has properly pled an accrual date of March 7, 2013.

Under the two-year statute of limitations, therefore, Plaintiff's claim need only have been filed prior to March 7, 2015. Plaintiff's complaint was filed on July 7, 2014. Plaintiff's § 1983 claims are timely.

**B.     Assault and Battery**

Defendants move to dismiss the assault and battery cause of action against Officer Whitney.  The complaint alleges only that Officer Whitney "caused" Plaintiff to be attacked, but does not allege that Officer Whitney aided or encouraged the attack.  ECF No. 1, Ex. A ¶ 27.  Rather, Plaintiff claims that Officer Whitney assaulted and battered him by sharing Plaintiff's identity with Officer Wang, who ultimately shared the information with Robles, the actual assailant.

In California, the elements of civil battery are as follows: "(1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff."  Rodriguez v. City of Fresno, 819 F. Supp. 2d 937 (E.D. Cal. 2011).[2]

Here, Plaintiff claims that Officer Whitney should be liable for battery even though he did not actually fire the gun that injured Plaintiff.  "A party injured by an unjustified assault may recover damages not only from the actual assailant, but from any other person who aids, abets, counsels, or encourages the assault."  Ayer v. Robinson, 163 Cal. App. 2d. 424, 428 (1958).

The most analogous case the Court has located is Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 926 (9th Cir. 2001).  In that case, plaintiff Arpin boarded a municipal bus in San Jose.  Id. at 918.  The driver of the bus, Ruiz, asked to see Arpin's picture identification.  Id.  She presented it, and Ruiz noted that it was expired.  Id.  Ruiz accused Arpin of "cheating" and called the Santa Clara County Sheriff's Department.  Id.  Ruiz then allegedly made a false report against Arpin for battery.  Id.  Subsequently, Arpin alleged that Santa Clara County Sheriff's deputies mistreated her in a variety of ways, including wrongfully arresting her, using

---

[2] When a plaintiff brings a claim for battery based on excessive force, the elements are somewhat different.  For that claim, a plaintiff must show: "(1) the defendant intentionally touched the plaintiff, (2) the defendant used unreasonable force to arrest, prevent the escape of, or overcome the resistance of the plaintiff, (3) the plaintiff did not consent to the use of that force, (4) the plaintiff was harmed, and (5) the defendant's use of unreasonable force was a substantial factor in causing the plaintiff's harm."  Pryor v. City of Clearlake, 877 F. Supp. 2d 929, 952 (N.D. Cal. 2012).  Plaintiff's claim here is not a traditional excessive force claim.

1    excessive force against her, and conducting an illegal search. Id. Arpin sued Ruiz for, among
2    other things, assault and battery based on her subsequent mistreatment by Sheriff's deputies. The
3    Ninth Circuit affirmed a grant of summary judgment in Ruiz's favor. That court concluded that,
4    "while Ruiz's call and subsequent report may have brought about the officers' interaction with
5    Arpin, Arpin has not alleged that Ruiz aided, abetted, counseled or encouraged Officers Stone and
6    Barnes to assault her." Id. at 926.
7    The same result obtains here. While Whitney's conduct may have made it possible for
8    Wang to provide information to Robles that gave Robles cause to assault or batter Plaintiff,
9    Plaintiff does not plausibly allege that Whitney "aided, abetted, counseled or encouraged [Wang
10   or Robles] to assault [him]."
11   Plaintiff's allegations against Officer Whitney fall outside the established definition of
12   assault and battery in California. The Court will dismiss his claim for assault and battery against
13   Officer Whitney.
14   **C.   IIED**
15   Defendants also move to dismiss Plaintiff's second cause of action for IIED against Officer
16   Whitney. "The elements of the tort of intentional infliction of emotional distress are: (1) extreme
17   and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the
18   probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional
19   distress; and (3) actual and proximate causation of the emotional distress by the defendant's
20   outrageous conduct . . . . Conduct to be outrageous must be so extreme as to exceed all bounds of
21   that usually tolerated in a civilized community." Catsouras v. Dep't of Cal. Highway Patrol, 181
22   Cal. App. 4th 856, 874-75 (2010) (quoting Christensen v. Super. Ct., 54 Cal. 3d 868, 903 (1991).
23   As with the assault and battery cause of action, this claim is predicated upon the fact that
24   Officer Whitney allegedly discussed Plaintiff's status as a confidential informant with the other
25   Officers, including Officer Wang, who then allegedly leaked the information to Robles, who shot
26   Plaintiff. ECF No. 1, Ex. A ¶¶ 30-33. Plaintiff alleges that he subsequently suffered emotional
27   distress and other injuries due the shooting. Id.
28   Distilled to its essence, Plaintiff's claim is that Officer Whitney told another police officer

about Plaintiff's status as an informant. This disclosure is not alleged to have violated police department policy; in fact, one of Plaintiff's claims is that the department should have had such a policy, but did not. See, e.g., id. at ¶ 11. Plaintiff cites no other statutory, regulatory, or common law authority that would suggest that the disclosure of an informant's identity between two police officers in the same department is unusual, much less one that "exceeds all bounds of that usually tolerated in a civilized community."

Accordingly, the Court will GRANT the motion to dismiss Plaintiff's IIED claim against Officer Whitney.

### D.     NIED

Defendants move to dismiss Plaintiff's third cause of action for NIED on the grounds that it duplicates Plaintiff's ninth cause of action for negligence and must therefore be dismissed. ECF No. 4 at 6. Defendants are correct that NIED is a subset of the tort of negligence. "Negligent infliction of emotional distress, although often pled as a separate cause of action, is a subcategory of the tort of negligence." Everett Assocs., Inc. v. Transcon. Ins. Co., 159 F. Supp. 2d 1196, 1204 (N.D. Cal. 2001); Catsouras, 181 Cal. App. 4th at 875-76.

This is not to say that Plaintiff may not proceed with multiple, independent theories of negligence. But unless Plaintiff pleads additional, particularized facts in support of a separate NIED theory, his NIED cause of action duplicates his negligence cause of action and must be dismissed. See Summers v. Delta Airlines, Inc., 805 F. Supp. 2d 874, 887 (N.D. Cal. 2011) ("Plaintiff's [NIED] cause of action is insufficiently pled. . . . Plaintiff's allegations of emotional distress are connected to the physical injury that is the basis for her ordinary negligence claim, and any damages related to that distress can be recovered as 'parasitic damages' in the negligence claim. . . . As currently pled, therefore, Plaintiff's [NIED] claim is no more than a restatement of her third cause of action for negligence.").

Currently, Plaintiff's NIED claim does not accuse Defendant of any wrongdoing beyond that alleged in support of the ninth cause of action for negligence. See ECF No. 1, Ex. A, ¶¶ 34-36. Plaintiff provides no additional facts or theories (such as third party NIED or a separate set of accusations) to give substance to a separate NIED claim. Accordingly, Plaintiff's NIED claim is

factually insufficient as pled.

**E.     Section 1983 Claim Against Officer Whitney**

Defendant contends that the Court should dismiss Plaintiff's § 1983 claim against Officer Whitney for deprivation of his Fifth and Fourteenth Amendment rights as factually insufficient. To sustain a § 1983 action, a plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a constitutional right.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

The first prong is satisfied because Officer Whitney carried out the alleged acts as part of his employment as a police officer for the City.  ECF No. 1, Ex. A, ¶ 38.  "[A]cting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  West v. Atkins, 487 U.S. 42, 49 (1988).  Plaintiff alleges that Officer Whitney gained access to information by virtue of his position as a peace officer, and then disseminated that information to other officers; without the authority vested in him by the state, Officer Whitney would not have been capable of carrying out the alleged misconduct.  Accordingly, the factual allegations are sufficient to fulfill the "color of law" prong of Plaintiff's § 1983 claim against Officer Whitney.  The second prong is also satisfied because Plaintiff alleges that he was deprived of his right to bodily security, which is generally recognized as constitutionally protected.  See Kennedy v. Ridgefield, 439 F.3d 1055, 1061 (9th Cir. 2006).

Defendant further notes that when a state actor does not personally cause Plaintiff's injuries, the deprivation of constitutional rights is recognized only when either (1) the plaintiff and entity share a special relationship, or (2) the government actor creates the danger through an affirmative act.  Id.  "To prevail under the danger creation exception, a plaintiff must first show that the state action affirmatively places the plaintiff in a position of danger, that is, where state action creates or exposes an individual to a danger which he or she would not have otherwise faced."  Johnson v. City of Seattle, 474 F.3d 634, 639 (9th Cir. 2007) (citations and quotations omitted).

8

Plaintiff alleges that Officer Whitney created a dangerous situation by spreading information about Plaintiff's status as a confidential informant, and that this dangerous situation resulted in the deprivation of his constitutional rights. ECF No. 1, Ex. A, ¶¶ 37-39. The danger-creation doctrine does not require that the victim be in custody, nor does it require a special relationship. L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir. 1992). The Ninth Circuit has recognized that creation of a situation in which an individual is left at the mercy of a dangerous criminal is a legally sufficient danger-creation scenario. See Wood v. Ostrander, 879 F.2d 583, 588–90 (9th Cir. 1989). The complaint plausibly alleges that Officer Whitney's transmission of Plaintiff's personal information created common knowledge of Plaintiff's status as a confidential informant, which was sufficient to place Plaintiff in a dangerous situation. Consequently, the Court finds that Plaintiff has adequately pleaded danger creation.

Defendants also argue, however, that Officer Whitney is entitled to qualified immunity for his actions. ECF No. 4 at 9.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Green v. City & Cnty. of S.F., 751 F.3d 1039, 1051 (9th Cir. 2014) (quoting Stanton v. Sims, 571 U.S. ___, 134 S. Ct. 3, 4–5 (2013)). In determining whether officers are entitled to qualified immunity, the Court considers "(1) whether 'the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established' as of the date of the involved events 'in light of the specific context of the case.'" Tarabochia v. Adkins, ___ F.3d ___, No. 11-35837, 2014 WL 4413235 (9th Cir. Sept. 9, 2014) (quoting Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009)). The court has the discretion to determine which of the two prongs to address first, depending on the circumstances of the case. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Here, the Court will address the second prong, which is dispositive. While the danger-creation doctrine was in existence at the time of Whitney's alleged disclosure, there was no authority of any kind, much less established authority, that made Whitney's disclosure to another police officer of information regarding a confidential informant unlawful, much less "clearly

established" authority. Accordingly, Officer Whitney is entitled to qualified immunity on this claim.

### F. Section 51.7 Claim

Plaintiff pleads that Officer Whitney violated § 51.7 by committing violence or intimidation on the basis of racial prejudice. ECF No. 1, Ex. A, ¶¶ 53-56. Defendant moves to dismiss this claim as factually insufficient. ECF No. 4 at 12.

A § 51.7 claim has the following elements: "(1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's race; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm." Knapps v. City of Oakland, 647 F. Supp. 2d 1129, 1167 (N.D. Cal. 2009). Plaintiff's complaint satisfies the third and fourth prongs: Officer Whitney is alleged to have ultimately leaked confidential information about Plaintiff to another officer, leading to his suffering a serious injury that would not have occurred in the absence of the leak.

Plaintiff's complaint fails, however, to allege that Officer Whitney threatened or committed a violent act against him as required by the first prong. Plaintiff has also failed sufficiently to plead facts to satisfy the second prong. To adequately plead a claim under § 51.7, Plaintiff must allege facts to support a reasonable inference that the plaintiff's race was a motivating factor in defendant's conduct. Boarman v. Cnty. of Sacramento, No. 2:11-CV-02825 KJM, 2013 WL 3894167 (E.D. Cal. July 26, 2013); see also Winarto v. Toshiba Am. Elecs. Components, Inc., 274 F.3d 1276, 1290 (9th Cir. 2001). Plaintiff pleads only that Defendants were motivated by "racial prejudice" and that Plaintiff "was readily recognizable as Mexican-American." A plaintiff's own speculation regarding racial animus is insufficient, alone, to establish a § 51.7 claim. Knapps, 647 F. Supp. 2d at 1167.

Plaintiff's claim under § 51.7 will be dismissed.

### G. Section 52.1 Claim

Officer Whitney also moves to dismiss Plaintiff's § 52.1 cause of action against him. Section 52.1 provides a cause of action against any person who "interferes . . . or attempts to interfere by threats, intimidation, or coercion . . . [with the] rights secured by the Constitution or

laws of the United States . . . or [of California]." A claim under "section 52.1 does not require violence or threat of violence." Moreno v. Town of Los Gatos, 267 F. App'x 665, 666 (9th Cir. 2008). Instead, § 52.1 requires affirmative "threats, intimidation, or coercion . . . ." Id.

Plaintiff's § 52.1 claim alleges that Officer Whitney "notified and informed other members of the Richmond Police Department [of Plaintiff's informant status] . . . ." ECF No. 1, Ex. A, ¶ 14. Nowhere in the complaint does Plaintiff allege that Officer Whitney threatened or coerced him in any manner. To the contrary, Plaintiff alleges that he did not realize Officer Whitney had committed any wrongdoing until March 7, 2013. ECF No. 17 at 1. Plaintiff has failed to allege the element of threats, intimidation, or coercion that § 52.1 requires.

### H. Negligence Against Officer Whitney

Defendants move to dismiss Plaintiff's negligence claim against Officer Whitney. Under California law, negligence requires that a plaintiff plead sufficient facts to show: "(1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003) (citation omitted). Plaintiff has adequately alleged damages; that Officer Whitney breached a duty to Plaintiff by disclosing his identity to other officers; and that Officer Whitney's actions caused his injury. The core inquiry here is thus whether Officer Whitney owed Plaintiff a duty.

The general rule in California is that "[e]veryone is responsible . . . for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . . ." Cabral v. Ralphs Grocery Co., 51 Cal. 4th 764, 771 (2011); Cal. Civ. Code § 1714(a). To ascertain whether a duty exists in a specific circumstance, courts rely on a multi-factor balancing test involving the foreseeability of harm, closeness of the connection between the conduct and the injury, moral blame attached to the conduct, the policy of preventing future harm, the extent of the burden to the defendant in finding a duty exists, the consequences to the community, cost, and prevalence of insurance for the harm. See Jackson v. Ryder Truck Rental, Inc., 16 Cal. App. 4th 1830, 1839 (1993) (citation omitted). The question of whether a legal duty exists "is a question of law which is simply an expression of the sum total of the policy considerations that lead a court to conclude that a particular plaintiff is entitled to protection." Jacoves v. United Merchandising Corp., 9 Cal. App. 4th 88, 114 (1992).

Plaintiff cites no authority, and the Court has uncovered none, establishing a duty on the part of one police officer not to share the personal information of a confidential informant with an officer in the same police department. There appears to be no statute or regulation that would prohibit such a disclosure. An individual department could establish guidelines that would prohibit or regulate such disclosure, but as previously noted, Plaintiff alleges that Richmond had no such policy.

Plaintiff does not allege that Officer Wang was not entitled to know Plaintiff's identifying information, or that Officer Whitney knew or should have known that if he disclosed Plaintiff's information to Officer Wang, the latter would then divulge it to Robles. Plaintiff merely alleges that the officer who did disclose the information to Robles – i.e., Officer Wang – knew that exposing Plaintiff to Robles would place him in danger of retaliation. ECF No. 1, Ex. A at ¶ 16. To uphold Plaintiff's negligence claim as currently drafted would therefore require the Court to find that (1) there is a common law duty on the part of police officers not to disclose a confidential informant's personal information to another police officer; and (2) the duty applies in all instances. The Court declines to find the existence of such a duty based on this complaint.

The Court will dismiss Plaintiff's negligence claim.

## I.     Section 1983 Claim Against the City

Defendant next moves to dismiss Plaintiff's § 1983 claim against the City of Richmond. In part, Defendant restates its position that Plaintiff cannot establish any violation of his federal constitutional rights. ECF No. 4 at 12. But, as discussed above, Plaintiff has adequately alleged that his shooting and resulting injury deprived him of his protected liberty interest in his bodily security.

Defendant next argues that "there are no factual allegations in the complaint to suggest that the conduct of a single Richmond police officer . . . was anything more than a single, isolated incident." Id. This argument misapprehends Plaintiff's claim against the City, which is based on the City's failure to adopt an adequate policy for the treatment of the personal information of confidential informants.

A local governmental entity is liable under § 1983 when "action pursuant to official

municipal policy of some nature cause[s] a constitutional tort." Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)). To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a § 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (4) that the policy is the "moving force behind the constitutional violation." Id. at 1474 (citing City of Canton v. Harris, 489 U.S. 378, 389–91 (1989). Moreover, a local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights. Id. (citation omitted).

In Oviatt, Multnomah County officers arrested Oviatt on Oregon state law charges and took him to the Multnomah County jail. A clerk of the court in Multnomah County accidentally removed Oviatt's name from the arraignment docket sheet, so he was not called for arraignment. He remained incarcerated for 114 days without a hearing. The Ninth Circuit affirmed a jury's finding in Oviatt's favor on his § 1983 claim, reasoning that Multnomah County could have taken reasonable steps (for example, a county-wide computer program or a manual comparison between the County's booking sheet and the County's court docket) to keep track of its inmates. Id. at 1474-80.[3]

Here, Plaintiff plausibly alleges that the City of Richmond's failure to adopt a policy to control the dissemination of, and protect the confidentiality of, the personal information of confidential informants led to the deprivation of Plaintiff's constitutional liberty right in his bodily security. This Court concludes that these allegations are sufficient, at the pleading stage, to allege the City's liability under § 1983.

Plaintiff has adequately pled his § 1983 claim against the City of Richmond.

## V. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

---

[3] This summary of Oviatt is taken largely from Estate of Brooks ex rel. Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999).

1.    Defendants' motion to dismiss is hereby GRANTED with regard to each of Plaintiff's claims against Officer Whitney, which are hereby DISMISSED WITHOUT PREJUDICE.

2.    Defendants' motion to dismiss is hereby GRANTED as to Plaintiff's negligence claim against the City of Richmond, which is hereby DISMISSED WITHOUT PREJUDICE.

3.    Defendants' motion to dismiss is hereby DENIED with regard to Plaintiff's claim for violation of § 1983 claim against the City of Richmond.[4]

**IT IS SO ORDERED.**

Dated:  October 8, 2014



JON S. TIGAR
United States District Judge

---

[4] Defendants also suggest that the Court should dismiss Defendant Terry Hudson from this case because he is being sued in his official capacity only.  ECF No. 4 at 11 n.1.  The Court declines to do so at this time.

14